[Cite as *State ex rel. Essi v. Lakewood*, 2018-Ohio-5027.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104659**

---

**STATE OF OHIO, EX REL.
BRIAN J. ESSI**

RELATOR

vs.

**CITY OF LAKEWOOD, OHIO**

RESPONDENT

---

**JUDGMENT:**
WRIT GRANTED IN PART AND DENIED IN PART

---

Writ of Mandamus
Motion No. 509719
Order No. 522769

**RELEASE DATE:** December 11, 2018

**ATTORNEYS FOR RELATOR**

Donna J. Taylor-Kolis
Marc E. Dann
The Dann Law Firm Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio 44103


**ATTORNEYS FOR POTENTIAL INTERVENORS**

**For McGown & Markling Co., L.P.A.**

Matthew J. Markling
John T. Sulik, Jr.
Patrick S. Vrobel
McGown & Markling Co., L.P.A.
1894 North Cleveland-Massillon Road
Akron, Ohio   44333


**ATTORNEYS FOR RESPONDENT**

**For City of Lakewood**

Kevin M. Butler
Jennifer L. Swallow
Chief Assistant Law Director
City of Lakewood
12650 Detroit Avenue
Lakewood, Ohio   44107

John T. McLandrich
Terry Williams
Mazanec Raskin, Ryder Co., L.P.A.
34305 Solon Road
100 Franklin's Row
Cleveland, Ohio   44139

KATHLEEN ANN KEOUGH, J.:

{¶1} The relator, Brian J. Essi, pursuant to R.C. 149.43 — the Ohio Public Records statute, commenced this public records mandamus action against the respondent, the city of Lakewood ("Lakewood"), to compel disclosure of records relating to the closure of Lakewood Hospital. The parties have engaged in discovery, including deposing the Law Director, who is the custodian of public records for Lakewood, and Lakewood's computer manager. They have submitted motions, briefs, evidence, and records for an in camera inspection. After reviewing all the material, the court concludes that the matter is ripe for resolution.

{¶2} Essi made his first request via certified mail on March 15, 2016, in which he made 173 separate public records requests.[1] Essi considered that Lakewood had fulfilled the first 22 requests. These included requests for the minutes of certain city council meetings; audited financial statements of the Lakewood Hospital Association ("LHA") for the years 1990 through 2007, 2014, 2015, and 2016; Subsidium Healthcare's Lakewood Hospital DATA Book; all records, notes, and communications - electronic or otherwise -[2] relied upon by the Mayor in his October 2015 campaign flier that "it will require an enormous tax on residents just to keep outdated Lakewood Hospital open"; and all records relating to a February 27, 2016 meeting known as a "retreat."

{¶3} Among the requests that Essi considered not satisfied were:

---

[1] In his cover letter, Essi complained that he had previously made over 100 public records requests, many of which were not fulfilled. He also complained that Lakewood had evaded many requests on the insufficient ground that it does not organize its records in the way Essi requests and that Lakewood had not aided him in rephrasing the requests so as to obtain the records.

[2] Unless asking for a very specific record, such as the Cleveland Clinic's 2014 Shared Administrative Service Allocation (Lakewood Brief) Presentation, Essi often crafted his requests to ask for "all records, notes, and communications - electronic or otherwise." In discussing Essi's requests, the court will abbreviate the formula to "all records." The court will note any exception to this formula.

- all records signed by the Mayor, the City Council President, and a certain at-large council member[3] regarding the LHA;

- all records signed by the three previous individuals in which they agreed to keep any information or trade secrets of the LHA or the Cleveland Clinic private;

- all records provided to the three trustees by LHA from May 4, 2015, to the present;

-all correspondence[4] between the Mayor and any employee of the Cleveland Clinic from January 1, 2015, to the present;

- all records relating to the resignation of Joseph Gibbons as a LHA trustee;

- the patient day data for the fiscal years from December 31, 2010, through June 30, 2015;

- all records relating to key performance metrics for Lakewood Hospital for the year-to-date period ending November 30, 2013, and the fiscal year ending December 31, 2014;

- all records relating to any claim by the Cleveland Clinic that it does not have a general obligation to fund operating losses for the LHA or Lakewood Hospital;

- all correspondence between or among the law firm Thompson Hine and the Huron Consulting Group, or their representatives, regarding Lakewood Hospital, including Thompson Hine's engagement as attorneys for the city of Lakewood;

- all records relating to any interviews of representatives of the Cleveland Clinic conducted by Huron Consulting;

- all records relating to any confidentiality agreement(s) signed by Huron Consulting, or its representatives, relating to proprietary or confidential documentation provided by the Cleveland

---

[3]These three individuals were also trustees of the LHA.

[4]When requesting correspondence, Essi formulated his requests for "all correspondence and communications - electronic or otherwise."   In discussing these requests, the court will abbreviate the formula to "all correspondence."

Clinic regarding specific fees incurred and the allocation of those fees with respect to the LHA or Lakewood Hospital;

- all records reviewed by Huron Consulting in preparing the Huron Report;

- all records relating to clinical and administrative services fees, including direct costs, that are incurred by the Cleveland Clinic and allocated to Lakewood Hospital;

- all records relating to legal bills, including payment, presented to the city of Lakewood by Thompson Hine from January 1, 2015, to the present;

- all records relating to the engagement letter or contract, including bills and payment for services rendered, with Hennes Communications, or any other public relations or consulting firm, from January 1, 2015 to present;

- any draft, signed, or unsigned agreement or proposal concerning Lakewood Hospital that was, or may have been, discussed, approved, or agreed to by the LHA, or any committee of the LHA, and/or the Cleveland Clinic during the weeks of November 29, 2015 and December 6, 2015;

- any draft, signed, or unsigned agreement or proposal concerning Lakewood Hospital that was, or may have been, the subject of the Lakewood City Council Meeting held on December 7, 2015;

- all records reflecting valuation or appraisals of assets used in the operation of Lakewood Hospital belonging to LHA or the city of Lakewood;

- all correspondence from and/or to the Mayor, the Law Director, the trustee-council member, and other persons from January 1, 2015, to the present (PRR120 - 122);

- all correspondence by any Lakewood City employee or official regarding bidding, listing, requests for proposals, and/or marketing concerning Lakewood Hospital or any or all of the assets used in the conduct of Lakewood Hospital;

- all records concerning the LHA filing for bankruptcy or the potential thereof (PRR 132);

- all records relating to financial or performance results for the LHA from October 1, 2015, to the present. This request includes all records in the files of the Law Director, Thompson Hine, its attorneys, and Mr. Cahill who were all agents of the city;

- all records that discuss or evaluate whether the city of Lakewood had an obligation to conduct a public bidding process with respect to Lakewood Hospital;

- all records that discuss or evaluate any private bidding process with respect to Lakewood Hospital conducted by an entity other than the city of Lakewood;

- all records regarding discussions, meetings or negotiations between any city of Lakewood employee or official with the LHA, its board members, the Cleveland Clinic Foundation, and/or its board members or trustees, related to Lakewood Hospital or LHA;

- all records in which any party to the Master Agreement discusses whether any of the parties are or are not required to file a Hart-Scott-Rodino pre-merger filing notice; and

- all records between and among the Law Director and two specifically named lawyers (PRR 171 and 172).

**{¶4}** On May 13, 2016, Essi, through certified mail, presented Lakewood with another 48 public records requests. He numbered them PRR 178 through PRR 225. Again, Essi complained that Lakewood had not fulfilled his requests or its duties under R.C. 149.43. These requests included:

- all correspondence between any Lakewood city employee or official and any employee or official of the Cuyahoga County government regarding the Lakewood Hospital, its assets, or any proposal regarding Lakewood Hospital during 2014, 2015, and 2016. This request includes any communication between any ex officio LHA official and any employee or official of the Cuyahoga County government (PRR 178);

- all correspondence between any Lakewood city employee or official and any employee or official of the MetroHealth System with respect to any proposal or discussion regarding Lakewood Hospital or its assets during 2014, 2015 and 2016. This request includes any communication between any ex officio LHA official and any employee or official of the MetroHealth System;

- the electronic calendar of the Lakewood Finance Director (PRR 201);

- all correspondence between Thompson Hine or its attorneys and any LHA representative;

- all correspondence between Thompson Hine or its attorneys, and any Cleveland Clinic Foundation representative concerning the city of Lakewood and/or Lakewood Hospital;

- all correspondence between the Law Director and any LHA official;

- all records of any statement presented at any LHA meeting regarding compliance with state or federal antitrust laws during the years 2013, 2014, and 2015; and

- all records documenting certain Lakewood employees' or officials' use of any city of Lakewood computer to access the websites LakewoodCitizen.com, Lakewood Citizen Facebook, Lakewoodbuzz.com and/or Lakewood observer.com/forum(PRR 221 and 223);

{¶5} Essi commenced this mandamus action on June 24, 2016. Between July 12 and August 3, 2016, Lakewood provided more records, but not in complete satisfaction of Essi's

requests. In August and September, 2016, this court's mediation office was unable to effect a full settlement.

{¶6} Then on September 20, 2016, Essi submitted another 97 public records requests via certified mail that he numbered PRR 226 through 323. These included the following:

- all records from the Law Director to City Council members, or to any one City Council member, from March 1, 2015, through September 20, 2016, containing the term "communication strategy";

- all records from any City Council member to any other City Council member from March 1, 2015, through September 20, 2016, containing the term "communications strategy," including those emails in response to or discussing the Law Director's emails to City Council dated June 22, 2015, at 12:22 PM, July 10, 2015 at 2:39 PM, and July 17, 2015, at 3:37 PM;

- all records from the Law Director to City Council from January 14, 2015, through September 20, 2016 containing the subject "Re: Hospital matters: a general update";

- all records from any City Council member to any other City Council member from March 1, 2015, through September 20, 2016, which forwards an email containing the term "communication strategy," including but not limited to those in response to, or discussing, the Law Director's emails to City Council dated June 22, 2015, at 12:22 PM, July 10, 2015, at 2:39 PM and July 17, 2015, at 3:37 PM;

- all records from the Law Director to City Council members, or any one City Council member, from March 1, 2015, through September 20, 2016, containing the term "master agreement," including but not limited to those similar to the Law Director's emails, dated June 22, 2015, at 12:22 PM, July 10, 2015, at 2:39 PM, and July 17, 2015 at 3:37 PM;

- all records from any City Council member to any other City Council member from March 1, 2015, through December 7, 2015, containing the terms "draft definitive agreement," or "new definitive agreement";

- all email responses or replies to the Law Director from any City Council member from March 1, 2015, through December 7, 2015, which are responses or replies to the Law Director's three specified emails above;

- all drafts of the "'facts as we know them' piece" which were "circulated" to City Council and referred to in the Law Director's 3:37 PM, July 17, 2015 email to City Council;

- the electronic calendar of the Law Director from January 2010, through the date of the response to this request;

- all records regarding the Mayor's and the council member-at-large's resignation or termination as a trustee of LHA;

- all records regarding the Mayor's private meetings on October 22, 2015 at 4:15 and 5:30;

- all records including spreadsheets or calculations created by or provided to any public relations firm, city employee, or elected city official that estimate or establish the economic and/or financial value of the Letter of Intent or the Master Agreement;

- all records from any city employee or elected official to any Cuyahoga County employee or Cuyahoga County elected official regarding the Cleveland Clinic or the Lakewood Hospital Foundation from January 1, 2014, through September 16, 2016.[5]

**{¶7}** Essie made a total of 323 separate public records requests. The court allowed him to amend his complaint so that the entire dispute could be resolved in one case.

---

[5]In listing the sample public records requests, the court substituted the person's position title for the actual name and on several occasions merged several requests into one.

**{¶8}** By the end of March 2017, Lakewood had released approximately 9,000 pages of records responsive to Essi's requests. In its answer, Lakewood defended not responding to some of the requests or, at least, not to Essi's satisfaction, on various grounds: some records were protected by the client-counsel privilege or were trial preparation records; many of the requests were improper because they were vague, ambiguous, or overbroad; the requests were oppressive — required Lakewood to undertake a massive review or search of records in contravention of how they were organized; asked for information, rather than requesting an actual, identifiable record; and the records could not be disclosed because Lakewood does not keep such records or because they do not exist.

**{¶9}** In March 2017, this court issued a scheduling order. Lakewood was to comply with Essi's requests by preparing and releasing an "Index of Records Supplied, Supplied with redactions, or Withheld" along with the appropriate records to Essi and filing a copy of the Index with the court. If necessary, Lakewood was to file copies of the disputed records — in original form and showing redactions or withholdings — for an in camera inspection. The parties were also instructed to file dispositive briefs and evidence.

**{¶10}** Throughout this litigation, the parties have contested whether the requests were proper: whether the individual requests were overbroad, vague, ambiguous, unclear, or oppressive. R.C. 149.43 provides that if a public record holder does not understand a request, then it must say so and ask the requester to clarify the request. Because the issue of clarification had been raised, this court ordered Essi to certify what he had explained, clarified and/or narrowed about his public records requests. On June 30, 2017, Essi submitted a seven-page affidavit supported by several attachments, including a comprehensive table stating for each request, inter alia, what had been fulfilled, when the records were released, what was clarified and narrowed,

and what had not been fulfilled. In this table, Essie withdrew approximately half of his requests.[6] Essi also swore that he had worked with the Law Director for many hours clarifying his requests, including suggesting computer searches that would reveal the requested records. In its filings, Lakewood has generally maintained that Essi did not clarify his requests.

{¶11} On August 21, 2017, Lakewood filed its "Index of Records Supplied, Supplied with redactions, or Withheld." Attached to it was a dispositive brief supported by several affidavits. Lakewood also submitted the disputed records for an in camera inspection. Lakewood submitted an amended index in October.[7] The Index shows that over 27,000 pages of records were disclosed to Essi. Lakewood released each record that could be responsive to each request. Because any given record might be responsive to more than one request, that record was released for each appropriate request. Therefore, among the 27,000 pages, there is duplication.

{¶12} The affidavit of the Law Director describes the efforts taken to locate records responsive to each request that Essi had not withdrawn, as well as the results of those efforts. This affidavit endeavors to "prove the negative" that Lakewood searched its files and that to the best of the record custodian's (the Law Director's) knowledge, Lakewood has released to Essi or submitted under seal all the records that Lakewood could potentially find coming within the public records request. For many requests (e.g., PRR 137, 138, 143, 144, 152, 158, 161, 162, 212, 214, 227, 228 - 240, 252, 295, and 296), the Law Director certified that all records responsive to those requests that Lakewood would be in possession would be in the form of emails or attachments to those emails. The Law Director then described the search and then

---

[6]None of the sample requests listed above are among the requests Essi withdrew. The pleadings indicate that Lakewood had released to Essi some records responsive to the withdrawn requests before June 30, 2017.

[7]This Index was over a thousand pages.

certified "that, to the best of my knowledge, all records generated from the search described and that have been either released to Relator or submitted under seal are all the records that Lakewood could find potentially coming within Relator's [Public Records Request]."

{¶13} For some requests, — e.g., PRR 219, 221, and 223 all records documenting the Mayor, the Finance Director, and Lakewood's Block Club coordinator use of a city computer to access certain websites — the Law Director stated that the information Essi seeks is not contained in a record and that the filter appliance to retrieve such information has been out of commission due to technical difficulties. Thus, Lakewood is not in possession of any record responsive to those requests.

{¶14} For other requests, (*e.g*., PRR 23, 25, 27, 34, 39, 210, 211, 214, 265, 266, 268, 269, 297-308, and 315-319), the Law Director asked the specified individuals in the request or who would have the record (e.g., the Mayor, the City Council President, the Finance Director, and the Councilperson who was a LHA Director) for the requested records. The Law Director then certified that he had received the requested records, that the individuals did not recall any such records, or that the individuals found no additional records. The Law Director then certified that if the records existed they had either been released to the relator or submitted for an in camera inspection. If the individuals could not recall ever having such records, the Law Director certified that to the best of his knowledge Lakewood is not in possession of any records responsive to that request.

{¶15} Thompson Hine served as outside counsel for Lakewood during the Hospital transaction. The Law Director asked the law firm for its entire file, and the law firm released it. Thus, the Law Director certified that those requests that sought Thompson Hine records were either released to Essi or submitted for an in camera inspection.

**{¶16}** For certain requests, e.g., PRR 65 - all records relating to any claim by the Cleveland Clinic that it does not have a general obligation to fund operating losses for the LHA or the hospital, the Law Director certified that Lakewood is not in possession of any records responsive to the request.

**{¶17}** During the time when Lakewood was resolving what it should do with the hospital, it contracted with an independent consultant, Huron Consulting Group, d.b.a. Huron Business Advisory (Huron), to perform financial advisory and due-diligence services. Essi requested records relating to Huron's work for Lakewood, e.g., PRR 66, 67, 69, and 71-76. The Law Director certified it released to Essi any records it possessed relating to Huron's work, but that Huron declined to give to Lakewood any of its own records it used for Lakewood's work. The Law Director further certified that Huron did not meet the criteria for a public entity coming within the scope of R.C. 149.43.

**{¶18}** Similarly, Essi asked for records relating to the Cleveland Clinic, e.g., PRR 77, 78, and 112. The Law Director certified that he asked the Cleveland Clinic to produce certain records coming within the requests. However, the Cleveland Clinic is not a public entity bound by R.C. 149.43, and it declined to release the records. The Law Director certified that either Lakewood was not in possession of the requested records or that it either released the records it had to Essi or submitted them for an in camera inspection.

**{¶19}** In summary, the Law Director's affidavit stated that for each request Lakewood had duly searched where the records would be and either released them to Essi or submitted them for an in camera inspection.

**{¶20}** In response, Essi disputed that Lakewood had complied in fulfilling the requests and R.C. 149.43. He maintained that the submissions were unreasonably late and incomplete. Moreover, Lakewood did not fulfill its duty to cooperate with the requester.

**{¶21}** For the three requests — PRR 219, 221, and 223 — that sought records documenting whether the Mayor, the Finance Director, and the block club coordinator accessed certain websites with Lakewood computers, Essi argued that because the filter appliance to search for such records is free, Lakewood did not fulfill its duty to release public records, because it could have easily done so.

**{¶22}** Essi also complains that the Mayor in his deposition indicated that there were other records existent, e.g., binders with records from the LHA, binders that are with records that have been packed up for litigation, and spreadsheets and calculations for the transaction. However, the records released to Essi are too meager to fulfill what the Mayor described. Finally, Essi complains that while Lakewood may have searched its email records, there is no evidence that it searched its other network drivers and servers for potential records. In response, the Law Director and Lakewood's Information Technology Manager submitted affidavits that doing such searches on Lakewood's computers would be an oppressive burden that would cause the computers to crash. Moreover, Lakewood's network drivers and servers are not a permanent storage facility with documents, records, files, etc. being deleted. Essi responded with an expert's affidavit that that could not be true and suggested several ways in which the searches could be made.

**{¶23}** Accordingly, Essi asks that this court issue a writ of mandamus to compel the disclosure of public records and rule that Lakewood did not fulfill its duties under R.C. 149.43.

**{¶24}** The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. *State ex rel. Harris v. Rhodes,* 54 Ohio St.2d 41, 374 N.E.2d 641 (1978). Mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953).

**{¶25}** Furthermore, the court has discretion in issuing mandamus. In *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider

> "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicant's rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal, or useless."

*Pressley* at 161-162. *State ex rel. Bennett v. Lime*, 55 Ohio St.2d 62, 378 N.E.2d 152 (1978); and *State ex rel. Dollison v. Reddy*, 55 Ohio St.2d 59, 378 N.E.2d 150 (1978).

**{¶26}** There are peculiar principles to public records mandamus actions. Pursuant to R.C. 149.43, mandamus is the appropriate remedy to compel compliance with Ohio's Public Records Act. *State ex rel. Vindicator Printing Co. v. Youngstown*, 104 Ohio St.3d 1436,

2004-Ohio-1120, 819 N.E.2d 1120.  Because the statute specifies mandamus as the remedy, the relator does not have to show the lack of an adequate remedy at law to prevail.  *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208.  As with all writ actions, the relator must establish the right to a writ by clear and convincing evidence.  *Pressley*; and *State ex rel. Pietrangelo v. Avon Lake*, 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419.  The requester must request records before bringing the mandamus action, and the "request must be specific and particularly describe what it is that is being sought."  *State ex rel. Zauderer v. Joseph,* 62 Ohio App.3d 752, 756, 577 N.E.2d 444 (10th Dist.1989).

{¶27}  In Ohio, public records are the people's records.  To that end, the public records act is to be construed liberally in favor of broad access and disclosure.  The courts are to resolve any doubt in favor of disclosure. *Vindicator*, *supra*.  Exemptions to disclosure under the Public Records Act must be strictly construed against the public records custodian, and the government bears the burden of establishing the applicability of an exception.  *Morgan* at ¶ 47.

{¶28}  However, the government has no duty under R.C. 149.43 to give information or to create new records by searching for and compiling information from existing records.  *State ex rel. Lanham v. Ohio Adult Parole Auth.,* 80 Ohio St.3d 425, 687 N.E.2d 283 (1997); and *State ex rel. White v. Goldsberry,* 85 Ohio St.3d 153, 1999-Ohio-447, 707 N.E.2d 496.  A public records request may be improper if it requires a record custodian to do research for a requester and to identify a specific subset of records containing selected information.  In *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, the requester asked for police reports within a two-week period from two police districts for all nondomestic-violence-related aggravated assaults or assaults where the victims sought medical care at a hospital, and the Supreme Court ruled that the request was improper because it required

the custodian to do research to identify the specific subsets containing selected information.    In *State ex rel. Fant v. Tober,* 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591 (Apr. 28, 1993), this court stated R.C. 149.43 does not compel a governmental unit to do research or identify records containing selected information.    In that case, Fant sought the names, employee numbers, payroll numbers, and residential addresses of certain employees named in three "RTA Customer Communication Reports."    The Supreme Court alternatively stated that to constitute an improper request, it must require the government agency to search through voluminous documents for those that contain certain information or to create new records by searching for and compiling information from existing records.    *State ex rel. Carr v. London*, 144 Ohio St.3d 211, 2015-Ohio-2363, 41 N.E.3d 1203, ¶ 22.

{¶29}    Additionally, requests may be too broad in scope.    In *Zauderer,* 62 Ohio App.3d 752, the court ruled that the public records law does not create a right to a complete duplication of voluminous government files when confronted with a request for any and all traffic accident reports kept by the Franklin County Sheriff and the Ohio State Highway Patrol.    The Supreme Court affirmed that principle in *State ex rel. Warren Newspapers v. Hutson*, 70 Ohio St.3d 619, 1994-Ohio-5, 640 N.E.2d 174, and *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686.    A request for all records of the prison quartermaster's order for and receipt of clothing and shoes for a period of over seven years amounted to a "complete duplication" and resulted in the denial of the writ.    *State ex rel. Dehler v. Spatny,* 127 Ohio St.3d 312, 2010-Ohio-5711, 939 N.E.2d 831.    In *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, the Supreme Court upheld the denial of a request for all of the college's complaint and litigation files, because the request was overbroad.    In *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 2001-Ohio-193, 750

N.E.2d 156, the Supreme Court of Ohio ruled that a request for "any and all records generated * * * containing any reference whatsoever to Kelly Dillery" was improperly overbroad and would not support an award of attorney fees.

{¶30} Similarly, there is no duty to produce records that never existed or no longer exist. *State ex rel. Pietrangelo v. Avon Lake,* 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.2d 419.

{¶31} A public record includes any documents, device, or item in any form, including electronic records, that are kept by any public office, created or received by, or coming under the jurisdiction of any public office or political subdivision that serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office. Thus, personal, private matters that do not document work-related matters are outside the scope of public records. R.C. 149.43(A), 149.011(G), and *Glasgow* at ¶ 25.

{¶32} After considering the requests, the certifications, the 27,000 pages of records released, the other evidence, the parties' briefs, and the relevant law, this court concludes that Lakewood has fulfilled its duties to produce the requested records. Except for certain records submitted for an in camera inspection that this court orders released, this court declines to issue a writ of mandamus for Lakewood to continue its search for any more records that might come within the scope of the requests.

{¶33} Although it is understandable that Essi, a newspaper reporter for a small paper serving Lakewood, would wish to shed the full light on the sale of Lakewood Hospital, which is one of the most important transactions in the city's history and that many residents looked upon with suspicion and fear of a "sell out," Essi's numerous requests are problematic. First, it is evident that Essi seeks a complete duplication of the voluminous file on the sale of Lakewood Hospital. To make sure that every record was ferreted out, Essi crafted his requests in the

broadest language to include any kind of record and to include any topic related to the sale, such as whether key members of the city government were "checking up" on the opposition; whether alternatives were explored; whether rumors were true, e.g., did other groups offer or explore the possibility to buy or rent Lakewood Hospital; whether Lakewood obtained fair market value; whether Lakewood complied with relevant laws; and whether the Cleveland Clinic manipulated Lakewood into an unfavorable bargaining position (PRR 4-9, 15, 23, 25, 31, 32, 35, 56, 57, 61, 64, 71, 72, 73, 75, 78). Thus, his public records requests were more akin to discovery requests than requests for known, identifiable records, like the minutes of a given council meeting.

{¶34} Many of the requests compel the records custodian to research voluminous files and identify a specific subset of records containing selected information, e.g., PRR 34 — all records relating to the "power point" presentation or proposal by MetroHealth to the LHA in September 2014; PRR 161 — all records in which any party to the Master Agreement discusses whether any of the parties are required to file a Hart-Scott-Rodino premerger filing notice; and PRR 215 and 216 — all records regarding statements given by the Mayor, the Block Club coordinator, a specified Lakewood consultant, and any city council member on December 6 or 7, 2015. The courts held that these types of requests were improper in *Shaughnessy, Fant, Dillery,* and *Carr.* It may seem counterintuitive to brand such requests as overbroad, vague, ambiguous, or unclear because the requests contain a great deal of specificity, but such labels may not be unwarranted when such requests are made without knowledge of whether such records exist or where to begin to look for them. "To prove the negative" that there are no other records out there responsive to the request would require a governmental entity to search all its files to ensure compliance with the request. Furthermore, although the phrase "related to" is commonly used in

litigation discovery requests and understood by attorneys, the city employees who would have to search files might not understand the full breadth of the language.

{¶35}   Just as a governmental entity is under no duty to create a public record, it is under no duty to download a computer program so it can search for a given type of record.   The statute does not command that.

{¶36}   This case illustrates the problems and difficulties of public records cases.   The citizens have the need and the right to know what their government is doing, especially on matters that affect the mental and physical well-being of the residents and the financial well-being of the community.   They have the right and need to know whether their civil servants are effecting their duties properly and with integrity.   However, they do not know what records are kept and how they are kept.   Thus, as in this case, to obtain the desired and necessary records, a records requester is compelled to make multiple, broad discovery-type requests, even if they are in the form of requesting a "record."   Trying to ask for a specific identifiable record, like the annual budget or the council minutes, runs the risk of losing a game of "Name That Record" and not getting what is wanted and needed.

{¶37}   The governmental entity, on the other hand, when handed such a request is confronted with an oppressive task.   First, these discovery type requests require the record custodian to search all the government's records and then comb through them to isolate the records with the desired information.   The record custodian may realize that the requester's conceptualization of how records are stored are not the way they are actually stored.   For example, a requester could reasonably think that records, like incident reports, are stored in a chronological way, day by day, so that a request for all the incident reports of the week of July 16 should be easy to fulfill.   However, the governmental entity might store them in a completely

different way, alphabetically or geographically, that would complicate the search. The record custodian may not have actual knowledge of all of the records that an employee makes and keeps. To ensure that all of the records are produced, the custodian may have to contact all the individuals who might have records related to the request and ask them to search their own files. In the present case, the court filings, including the records submitted for an in camera inspection, indicate that at least four dozen people with connections to Lakewood were involved in the sale of the hospital. There may also be issues about what any given computer does and does not do and what it can and cannot do. For example, will a computer delete files, like history of use, or put the file in a very hard to access place. Alternatively, special programming may be required to do certain searches. Finally, the governmental entity must convince the requester, who may harbor suspicion and animosity toward the governmental entity, and the court that all records coming within the request have been produced. In other words, it has to "prove the negative," an oppressive and daunting task.

{¶38} In summary, after considering the purposes of the public records law, the importance of the requests, the nature of the requests, the 27,000 pages of records released, and the evidence and certifications of the parties, this court is convinced that Lakewood has fulfilled its duty to release public records and, except for the records submitted for an in camera inspection, declines to issue a writ of mandamus to compel Lakewood to continue its search for more records coming within the requests.

IN CAMERA INSPECTION

{¶39} Thompson Hine Legal Bills - The court finds that the redactions of the narrative portions of the itemized attorney billing statements were proper under the client-counsel privilege.

*State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524.

LKWD-THMPSN HNE 000001 - The court upholds the redaction on the basis of client-counsel privilege. "[I]f a communication between a lawyer and client would facilitate the rendition of legal services or advice, the communication is privileged." *State ex rel. Lanham v. DeWine,* 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 9 and *Dunn v. State Farm Fire & Cas. Co.,* 927 F.2d 869, (5th Cir. 1991).

LKWD-THMPSN HNE 000002-3 - The court upholds the redaction under the client-counsel privilege. *Lanham* and *Dunn.*

LKWD-THMPSN HNE 000112-113 - The court upholds the redaction under the client-counsel privilege.

LKWD-THMPSN HNE 000114-115 - Resolving doubts in favor of disclosure, the court orders the release of the redacted information. The instructions given are more routine office matters than communications that would facilitate legal services.

LKWD-THMPSN HNE 000409-410 and 000425-427 - The Index indicates that these records (a 5-28-2015 communication from Robyn Smyers to Michael Meehan and the Law Director and a 6-2-2015 communication from John Bodine to the Law Director) were redacted because they did not document a governmental function. However, they do not appear to have been submitted for an in camera inspection, and the court orders their release.

LKWD-THMPSN HNE 000650-659 and 000660-669 - These two sets of records are identical copies of the summary Thompson Hine prepared of the contract between Lakewood and LHA. The summary was made for Huron (the consultant). It is labeled as "privileged and confidential attorney work product." With the following three exceptions, the court orders the release of the

record, because it is a summary of a public contract and appears to often use the verbatim language of the contract. The three exceptions are: (1) the bold face language in brackets at the end of page 6, (2) the bold face language in brackets at the end of paragraph (B)(2) on page 7, and (3) Section III on page 9. These reveal the mental processes of the attorney.

LKWD THMPSN HNE 000726-733 - This redacts the physician groups that made inpatient admissions and outpatient cases and would reveal the percentages each group made to those classes of cases. This is claimed to be a trade secret of the LHA and the Cleveland Clinic. The court upholds the redactions.

LKWD THMPSN HNE 000734-73 - The Index claims trade secret exemption for these two pages, but 000734-735 are not submitted for an in camera inspection. Thus, the court orders the release of these pages, if they are not already released. The court also notes that the Index did not claim the trade secret exemption for 000726-733; thus, claiming the exemption for 000734-35 may be a clerical error.

LKWD THMPSN HNE 001314-1320 and 001331-1337 - The court upholds the redactions under the client-counsel privilege.

LKWD THMPSN HNE 001321-1325 and 001338-1340 - The Index claims the client counsel privilege for these records, but the records were not submitted for an in camera inspection. The court notes that the Index did not claim the client counsel privilege for 001314-1320 and 001331-1337. These records are to be released.

LKWD THMPSN HNE 001511 - The court upholds the redaction under the client-counsel privilege. The privilege was not claimed on the Index for this record.

LKWD THMPSN HNE 001512-1515 - The Index claims the client-counsel privilege for these records, but they were not submitted for an in camera inspection. Thus, the court orders them released, if not already released.

LKWD THMPSN HNE 006790 - Resolving doubts in favor of disclosure, the court orders the release of the redacted information. The comments made are more routine office matters than communications that would facilitate legal services. The court also notes that the Index did not claim the client-counsel privilege for this record.

LKWD THMPSN HNE 006791 - The court upholds the first redaction for the 12-14-15 09:49:07 AM email from the Law Director to other concerned attorneys under the client-counsel privilege, common interest exemption. *State ex rel. Bardwell v. Cordray,* 181 Ohio App.3d 661, 2009-Ohio-1265, 910 N.E.2d 504

(10th Dist.); and *Condos. at Stonebridge Owners' Assn. v. K&D Group, Inc.,* Cuyahoga C.P. No. CV 11 771554, 2013 Ohio Misc. LEXIS 83 (Aug. 12, 2013). The court orders the release of the second redaction for the 12-14-15 9:42 AM email; it repeats one office communication from 006790.

LKWD THMPSN HNE 006792-006793 and 006794-006795 (duplicates of each other) - The court upholds the first redaction for the 12-14-15 10:19 AM email from an attorney to other attorneys under the client-counsel privilege common interest exemption. The court upholds the second redaction and denies the third redaction; it is a repeat of the emails from 006791 in an email chain.

LKWD THMPSN HNE 006796-006798 - This record is the next entry on the email chain of the previous three records. The first redaction for the 12-14-15 10:51 AM email is properly redacted

under the client-counsel privilege common interest exemption. As stated above, the next two redactions are proper; the last is ordered to be released.

LKWD THMPSN HNE 006799-006801 - Another entry on the 12-14-15 email chain. The new entry, a 12-14-15 12:08 PM email, is properly redacted under the client-counsel common interest exemption. As stated above, the next two redactions are proper; the third is to be released.

LKWD THMPSN HNE 006803-006805 - Another entry on the 12-14-15 email chain repeats the emails in 006799-006801. The first three redactions are proper. The court orders the release of the last redaction.

LKWD-THMPSN HNE 006802 and 006806 - The Index claims the client- counsel privilege for these records, but they were not submitted for an in camera inspection. Thus, the court orders them released, if not already released.

LKWD-THMPSN HNE 007742-007742 - The court upholds the redaction under the client-counsel privilege, joint defense privilege.

LKWD-THMPSN HNE 007744-007748 - The Index claims the client-counsel privilege for these records, but they were not submitted for an in camera inspection. Thus, the court orders them released, if not already released.

LKWD-THMPSN HNE 007815-007960 and 007961-007965- The court upholds the redactions on client-counsel privilege, joint defense privilege.

LKWD-THMPSN HNE 007966-007967 - The Index claims the client-counsel privilege for these records, but they were not submitted for an in camera inspection. Thus, the court orders them released, if not already released.

LKWD-THMPSN HNE 007968-007972 - The court upholds the redaction on client-counsel, joint defense privilege.

LKWD-THMPSN HNE 007973-007975 - The Index claims the client-counsel privilege for these records, but they were not submitted for an in camera inspection. Thus, the court orders them released, if not already released.

LKWD-THMPSN HNE 007979-007984 - The court upholds the redaction on client-counsel, joint defense privilege.

LKWD-THMPSN HNE 007985-007986 - The Index claims the client-counsel privilege for these records, but they were not submitted for an in camera inspection. Thus, the court orders them released, if not already released.

LKWD-THMPSN HNE 007989 - The court upholds the redactions on the basis of client-counsel, joint defense privilege.

LKWD-THMPSN HNE 007990-008003 - The Index claims the client-counsel privilege for these records, but they were not submitted for an in camera inspection. Thus, the court orders them released, if not already released.

LKWD-THMPSN HNE 008018-008023 and 008024-008032 - The court upholds the redactions on the basis of client-counsel, joint defense privilege.

LKWD-THMPSN HNE - 008033-008046 - The Index claims the client-counsel privilege for these records, but they were not submitted for an in camera inspection. Thus, the court orders them released, if not already released.

LKWD-THMPSN HNE 008047-008055 - The court upholds the redactions on the basis of client-counsel, joint defense privilege.

LKWD-THMPSN HNE 008056-008218 - The Index claims the client counsel for these records, but they were not submitted for an in camera inspection. Thus, the court orders them released, if not already released.

LKWD-KOREY 000001, 000002, 000004-000014 - The court upholds the redaction on the personal information exemption. It is a private telephone number.

LKWD-KOREY 000325-000327 and 00342-000345 - 12-1-15 email from the Law Director to the Mayor and City Council members. The court upholds the redactions under the client-counsel privilege.

LKWD-KOREY 000427-000428 - Law Director's email to Mayor and Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-KOREY 000495-000508 - 12-6-15 email from the Law Director to the Mayor, Council members, and the consultant. The court upholds the redactions on the basis of the client-counsel privilege.

LKWD-KOREY 000601-000602 - 12-8-15 email from a Thompson Hine attorney to the Law Director, Council members, another Thompson Hine attorney, and the consultant. The court denies the redaction, because the redacted material is apparently released in LKWD-KOREY 000615 - 000617.

LKWD-KOREY 000615-000626 - The court upholds the redactions of the photographs on pages 000624-000626 as private matters/unrelated to governmental functions.

LKWD-KOREY 000627-000628 - The same 12-8-15 email from LKWD-KOREY 000601. The court denies the redaction because it has apparently been released in LKWD-KOREY 000615 - 000617.

LKWD-KOREY 000725-727 - The court upholds the redactions of the photographs on pages 000726-000727, as private matters/unrelated to governmental functions.

LKWD-KOREY 000900-000901 and 000902-000903 - emails from Council member to Thompson Hine attorneys, the Law Director, the Mayor, the other Council members and pertinent Lakewood employees. The court upholds the redaction under client-counsel privilege.

LKWD-KOREY 001136-001139 - 12-17-15 email from the Law Director to Council members, the Mayor, and Thompson Hine attorneys. The court upholds the redaction under client-counsel privilege.

LKWD-KOREY 001199 - 12-21-15 email from Thompson Hine attorney to all involved on current litigation. The court upholds the redaction under the client-counsel privilege.

LKWD-KOREY 002308-002309 and 002310-002317 - emails among the Law Director to the Mayor, the consultant, a Council member and the Block Club co-ordinator. The court upholds the redaction under the client-counsel privilege.

LKWD-MDGN&SMMRS 000095-000096 - 3-8-15 emails between the Mayor and the Law Director. The court upholds the redaction under the client-counsel privilege.

LKWD-MDGN & SMMRS000127 - 4-14-15 email from the Council President to the Law Director and the Mayor. The court uphold the redaction under the client-counsel privilege.

LKWD-MDGN & SMMRS000154 and 000155 - 5-12-15 email from the Council President to the Mayor and the Law Director. The court upholds the redaction under the client-counsel privilege.

LKWD-HRN CNSLTNG000480-000485 - 7-6-15 email from the Interim President and COO of Lakewood Hospital to Huron, containing analysis of Lakewood Hospital inpatients and outpatients. The court declines to uphold the redactions as trade secrets of Lakewood Hospital, because Lakewood Hospital no longer exists. The court orders these records released.

LKWD-HRN CNSLTNG000892-000898 and 000904-000910 - 7-22-15 email from Thompson Hine attorney to Council member, the Finance Director, the Law Director, and Huron. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR28AND PRR36-37 - 00254-00255 - 8-14-15 Memorandum from McDonald Hopkins attorneys to the Board of Trustees for LHA on status of litigation. The court upholds the redactions under the client-counsel, joint defense privilege.

LKWD-PRR28AND PRR36-37 - 00257-00262 - 7-27-15 Memorandum from McDonald Hopkins attorneys to the Board of Trustees for LHA on status of litigation. The court upholds the redactions under the client-counsel, joint defense privilege.

LKWD-PRR28AND PRR36-37 - 00579-00580 - 8-14-15 Memorandum from McDonald Hopkins attorneys to the Board of Trustees for LHA on status of litigation. The court upholds the redactions under the client-counsel, joint defense privilege.

LKWD-PRR28AND PRR36-37 - 00582-00 - 7-27-15 Memorandum from McDonald Hopkins attorneys to the Board of Trustees for LHA on status of litigation. The court upholds the redactions under the client-counsel, joint defense privilege.

LKWD-PRR28AND PRR36-37 - 00927-00928 - 8-14-15 Memorandum from McDonald Hopkins attorneys to the Board of Trustees for LHA on status of litigation. The court upholds the redactions under the client-counsel, joint defense privilege.

LKWD-PRR28AND PRR36-37 - 00930-00935 - 7-27-15 Memorandum from McDonald Hopkins attorneys to the Board of Trustees for LHA on status of litigation. The court upholds the redactions under the client-counsel, joint defense privilege.

LKWD-PRR33AND PRR29 - 00031-00032 - 5-27-15 email from the Mayor to the Law Director, the Mayor's assistant, and the Vice-President of Council. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR33ANDPRR29 - 00033 - 6-1-15 email from the Law Director to a Thompson Hine attorney. The court disallows the redaction and orders the full record released. The redaction is mere routine office forwarding, rather than attorney thought process.

LKWD-PRR33ANDPRR29 - 00060 - 6-11-15 email for the Mayor to the Law Director. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR33ANDPRR29 -0090 - 5-21-15 emails between the Mayor and the Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR33ANDPRR29 - 00237 - 5-26-15 email from the Law Director to the Mayor. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR33ANDPRR29 - 00270-00271 - 5-27-15 email from the Mayor to Law Director, the Mayor's assistant, and the Vice-President of Council. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR33ANDPRR29 - 00618-00620 - 6-25-15 email from Thompson Hine attorney to the Mayor, the Law Director, and Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR33ANDPRR29 - 00682-00686 - 6-22-15 email from the Law Director to the Mayor, the Mayor's assistant, and Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR33ANDPRR29 -00713-00714 - 5-20-15 email from the Law Director to the Mayor, the Mayor's assistant, Lakewood Clerk of Council, Lakewood Secretary of Records, and Lakewood employee.  The court upholds the redaction under the client-counsel privilege.

LKWD-PRR33ANDPRR29 - 00735 - 5-21-15 email from the Law Director to the Mayor, and a Thompson Hine attorney.  The court upholds the redaction under the client-counsel privilege.

LKWD-PRR33ANDPRR29 - 00736-737 and 00738-00739 - 5-21-15 letter from the Mayor to the MetroHealth CEO addressing MetroHealth's legal concerns.  The court disallows the redaction and orders the release of the full letter.  Although the letter contains legal opinions about the binding nature of contracts, it is not a communication between an attorney and a client. Moreover, the letter does not have a request for confidentiality.  Resolving doubts in favor of disclosure, the court orders its release.

LKWD-PRR33AND PRR 29 - 00901-00902 - 5-27-15 email from the Mayor to Law Director, the Mayor's assistant, and the Vice-President of Council.  The court upholds the redactions under the client-counsel privilege.

LKWD-PRR33ANDPRR29 - 01085 - 6-29-15 email from the Law Director to the Mayor forwarding links for two sets of subpoenaed records.  The court disallows the redaction and orders the full record released.  The redaction is a mere routine office forwarding, rather than attorney thought process.

LKWD-PRR33ANDPRR29 - 01307-01311 - 6-22-15 email from the Law Director to the Mayor, the Mayor's assistant, and a Council member.  The court upholds the redaction under the client-counsel privilege.

LKWD-PRR33ANDPRR29 - 01375 - 5-21-15 email from the Law Director to the Mayor, and a Thompson Hine attorney.  The court upholds the redaction under the client-counsel privilege.

LKWD-PRR33ANDPRR 29 - 01376-01377 and 01378-01379 - 5-21-15 letter from the Mayor to the MetroHealth CEO addressing MetroHealth's legal concerns. The court disallows the redaction and orders the release of the full letter. Although the letter contains legal opinions about the binding nature of contracts, it is not a communication between an attorney and a client. Moreover, the letter does not have a request for confidentiality. Resolving doubts in favor of disclosure, the court orders its release.

LKWD-PRR132 00003-00004 - 3-26-15 email from a Council member to the Law Director. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR132 - 00007-00026 - 12-21-15 email from the Law Director to a joint defense attorney. The court upholds the redaction under the client-counsel, joint defense privilege and as a trial preparation record.

LKWD-PRR132 - 00031 - 00050 - 7-2-86 memorandum from outside counsel to Lakewood City Council. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR132 - 00061 - 8-31-15 emails among the Law Director, a Thompson Hine attorney, and a joint defense attorney. The court upholds the redaction under the client-counsel, joint defense privilege and as a trial preparation record.

LKWD-PRR132 - 00062 - 00064 - Draft of Frequently Asked Questions. The court upholds the redaction under the client-counsel and work product privileges.

LKWD-PRR132 - 00065-00068 - 4-9-15 email from the Law Director to a Thompson Hine attorney. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR132 - 00069-00070 - 4-10-15 email from the Law Director to a Thompson Hine attorney. The court upholds the redaction under the client-counsel privilege, except for the last

paragraph that concerns routine office directions, rather than client-counsel confidences. The court orders the last paragraph beginning with "The" and ending with "helpful" to be released.

LKWD-PRR132 - 00071-00073 - 11-30-15 email from a Thompson Hine attorney to the Law Director. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR132 - 00085 - 00088 - 8-31-15 email from a Thompson Hine attorney to the Law Director. The court upholds the redactions under the client-counsel privilege and the work product privilege.

LKWD-PRR132 - 00092-00098 and 00099-00106 - invoices from Thompson Hine to the city of Lakewood. The court upholds the redactions of the narrative portions of the itemized attorney-billing statements under the client-counsel privilege. *State ex rel. Dawson v. Bloom-Carroll Local School Dist.,* 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524.

LKWD-PRR132 - 00107-00109 - 11-5-15 email from a Council member to the Law Director and 11-4-15 email from the Law Director to the Mayor, the Council members, Lakewood Directors, and Thompson Hine attorneys. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR132 - 00110-00112 - 11-4-15 and 11-5-15 email exchanges among the Law Director, Council members, the Mayor, and Thompson Hine attorneys. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR132 - 00328-00329 - 4-10-15 email from the Law Director to a Thompson Hine attorney. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR132-00340 - 3-29-15 email exchanges between the Law Director and a Thompson Hine attorney. The court orders the release of this record because it contains routine office matters and a cover letter, rather than the thought processes of the attorneys.

LKWD-PRR132 - 00361-00362 and 00363-00364 - 8-19-15 and 8-18-15 emails between the Law Director and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR132 - 00365-00369 and 00370-00375 - 12-21-15 and 12-18-15 emails among Lakewood's attorneys on the new lawsuit. The court upholds the redactions under the client-counsel, joint defense privilege.

LKWD-PRR132 - 00376-00379 - 8-25-15, 8-24-15, and 8-21-15 emails among Council members and the Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR132 - 00380-00381 - An apparent draft of an ordinance for the sale of the real property on which Lakewood Hospital was located. There is no context in which to place this ordinance. Lakewood claims client-counsel privilege, but without context or explanation, this court cannot determine whether the claim is well-founded or not. Thus, resolving doubts in favor of disclosure, this court order this record to be released.

LKWD-PRR132 - 00382-00383 - 8-31-15 and 9-2-15 emails between the Law Director and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR132 - 00384 - 8-31-15 and 9-1-15 emails between the Law Director and a Thompson Hine attorney. The court upholds the redactions under the client-counsel and work product privileges.

LKWD-PRR132 - 00385-00387 - draft with recommendations of the Frequently Asked Questions. The court upholds the redactions under the client-counsel and work product privileges.

LKWD-PRR143 - 00266 - 2-15-15 emails between the Law Director and a Council member. The court upholds the first redaction, the email from the Law Director to the Council member,

under the client-counsel privilege, but orders the second redaction released, because it is mere routine office direction/cover letter, not revealing confidence of the client.

LKWD-PRR142 - 000109-000142 - The MetroHealth System Lakewood Hospital Proposal. The court upholds the redaction of the private address information on the grounds that it does not document a public function.

LKWD-PRR152 - 000364-000383 - 7-2-86 memo from outside counsel to Lakewood City Council. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR158 - 001149-001150 - 9-23-13 and 9-24-13 emails between the Mayor and the Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR158 - 001155-001156 - 5-28-15 email from the Law Director to the Mayor, the President of Council, and a Council member. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR158 - 001333 - 5-28-15 email from the Law Director to the Mayor, the Council members, the Mayor's assistant, the Finance Director, the Council President, the legislative liaison, and a Thompson Hine attorney. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR158 - 001415-001522 - 7-16-13 email exchanges among the Mayor, a Cleveland Clinic attorney, and LHA officials about the proposed draft consulting agreement between the LHA and the draft agreement with the Cleveland Clinic attorney's comments. The court disallows the claim of client-counsel privilege and orders the full release of the records. The court doubts that the Cleveland Clinic attorney is the attorney for the city of Lakewood, the Mayor, or the LHA in July 2013. Resolving doubts in favor of disclosure, the court orders the release of the records.

LKWD-PRR158 - 002259-002260 - 9-24-13 emails between the Law Director and the Mayor. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR158 - 002974-002975 - 6-17-15 emails among the Law Director, a Subsidium official, and various attorneys. The court upholds the redactions under the client-counsel, joint defense privilege and trial work product/trial preparation privilege.

LKWD-PRR158 - 003081-003082 - 7-16-13 email exchanges among the Mayor, a Cleveland Clinic attorney, and LHA officials about the proposed draft consulting agreement between the LHA and the draft agreement with the Cleveland Clinic attorney's comments. The court disallows the claim of client-counsel privilege and orders the full release of the records. The court doubts that the Cleveland Clinic attorney is the attorney for Lakewood, the Mayor, or the LHA in July 2013. Resolving doubts in favor of disclosure, the court orders the release of the records.

LKWD-PRR227 - 000001 - 12-1-15 email from the Law Director to the Mayor, the Council members, the Finance Director, the Planning and Development Director, the Block Club coordinator, and Thompson Hine attorneys. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR227 - 000002 - 5-13-15 email from the Law Director to the Council members. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR227 - 000081-000082 - 12-1-15 emails among the Law Director, the Mayor, the Council members, the Finance Director, the Block Club coordinator, and Thompson Hine attorneys. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR227 - 000084 - 5-15-15 email from the Law Director to the Council members and a Thompson Hine attorney. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR227 - 000085 - 5-13-15 email from the Law Director to the Council members and a Thompson Hine attorney.    The court upholds the redactions under the client-counsel privilege.

LKWD-PRR227 - 000086-000087 - 1-6-16 email from the Law Director to the Council members.  The court upholds the redaction under the client-counsel privilege.

LKWD-PRR227 - 000088 - Chart prepared by the Law Director on the effect of Master Agreement Restrictive Covenant Provisions.    The court upholds the redaction under the client-counsel privilege.

LKWD-PRR227 - 000089-000090 - 1-8-16 and 1-6-16 emails from the Law Director to the Council members.    The court upholds the redactions under the client-counsel privilege.

LKWD-PRRR228 - 000188-000192 - 1-17-15 email from the Law Director to the Vice-President of Council.    The court disallows the redaction because it states a matter of public record, the number of registered voters in Lakewood per the Ohio Secretary of State's office.

LKWD-PRR228 - 000193-000196 - 7-10-15 email from the Law Director to the Council members, the Mayor, the Finance Director, the Planning Development Director, and Thompson Hine attorneys.    The court disallows the redaction as it is a "cover letter" and routine office matter, rather than the counsel of an attorney.

LKWD-PRR229-230 - 000014-000016 - 5-15-15 and 5-12-15 emails from the Law Director to the Council members and a Thompson Hine attorney.    The court upholds the redactions under the client-counsel privilege.

LKWD-PRR229-230 - 000078-000082 - Application for Foundation Planning Task Force membership.    The court upholds the redactions as private contact information not documenting a public function.

LKWD-PRR229-230 - 000085-000086 - 1-6-16 email from the Law Director to the Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 000001 - 12-6-15 email from the Law Director to the Council members, the Mayor, the Finance Director, the Planning and Development Director, the Block Club coordinator, and Thompson Hine attorneys. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 000018 - 12-8-15 email from the Law Director to Council members, the Mayor, the Planning and Development Director, the Finance Director, and Thompson Hine attorneys. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 000019 - 7-19-16 email from the Law Director to the Council members and the Mayor. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 000130-000131 - 4-22-16 email from the Law Director to the Mayor, the Council members, and outside counsel. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 000524 - 12-13-15 emails from the Law Director to a Council member and from a Thompson Hine attorney to the Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 000538-000529 - 8-28-15 emails from the Law Director to the Council members and from a Thompson Hine attorney to the Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 000530-000532 - A memorandum listing issues regarding the Cleveland Clinic's proposal and future use of the Lakewood Hospital property. The court upholds the redactions under the client-counsel privilege and the attorney work product privilege.

LKWD-PRR231 - 000533 - 9-2-15 emails from the Law Director to a Council member and from a Thompson Hine attorney to the Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 000539-000541 - 3-15-16 email from the Law Director to a Council member. The court upholds the redaction under the client-counsel privilege. These records also contain an 1-6-16 email chain among the Law Director and Thompson Hine attorneys. The court orders the release of the excerpts from the LHA Code of Regulations; these are not covered by the client-counsel privilege. The court upholds the other redactions in the emails under the client-counsel privilege.

LKWD-PRR231 - 000542 - 12-16-15 email from the Law Director to the Mayor and Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 000757-000758 - 8-3-16 email from the Law Director to two Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 000759 - 4-20-16 emails from the Law Director to a Council member and from co-counsel to the Law Director. The court upholds the redaction under the client-counsel, joint defense privilege.

LKWD-PRR231 - 000760-000805 - Draft appellate brief. The court upholds the redaction under client-counsel, joint defense privilege and the work-product privilege.

LKWD-PRR231 - 000806 - 5-3-16 email from the Law Director to the Mayor and Council members. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 000822 - 3-23-16 email from the Law Director to two Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 000872-00087 - 12-8-15 email from the Law Director to the Mayor, the Council members, Thompson Hine attorneys, the Finance Director, the Planning and Development Director, and the Block Club coordinator. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 000877-000879 - 12-18-15 email from the Law Director to the Council members and the Mayor. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001023-001024 - 12-17-15 email from the Law Director to the Mayor, the Council members, co-counsel, and Thompson Hine attorneys. The court upholds the redaction under the client-counsel privilege and the trial preparation privilege.

LKWD-PRR231 - 001025 - 5-2-16 email from the Law Director to a Council member. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001044 - 3-7-16 email from the Law Director to a Council member. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001046 - 1-7-16 email from the Law Director to the Mayor, the consultant, the Finance Director, the Block Club coordinator, the Mayor's assistant, the Planning and Development Director, and a Council member. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001047 - Effect of Master Agreement Restrictive Covenant Provisions. The court disallows the redaction because the in camera inspection indicates that this records was released to the public and, thus, no longer protected by the client-counsel privilege.

LKWD-PRR231 - 001249 - 12-1-15 email from the Law Director to the Mayor, the Council members, Thompson Hine attorneys, the Finance Director, the Planning and Development

Director, and the Block Club coordinator. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001250 - 3-15-16 email from the Law Director to the Mayor and a Council member. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001254-001255 - 5-11-15 email from the Law Director to a Council member. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001256 - 4-9-15 email from the Law Director to the Council members and a Thompson Hine attorney. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001298 - 6-30-16 email from the Law Director to a Council member. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001338-001339 - 9-20-16 email from the Law Director to the Mayor and Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001341-001347 - 9-19-16 Memorandum from the Law Director to the Mayor, the Council members, and administrative officials. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001348-001349 - 1-8-16 and 1-6-16 emails from the Law Director to the Council members. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001351-001352 - 1-6-16 email from the Law Director to the Council members. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001353 - Effect of Master Agreement Restrictive Covenant Provisions. The court disallows the redaction because the in camera inspection indicates that this records was released to the public and, thus, no longer protected by the client-counsel privilege.

LKWD-PRR231 - 001354-001355 - 2-16-16 email from the Law Director to Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001356-001357 - 2-15-16 emails among the Law Director and two Council members. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001358-001359 - 8-16-15 and 8-17-16 emails among the Law Director, the City Council President, and the legislative liaison. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001360-001361 - 2-15-16 emails between the Law Director and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001362 - 1-8-16 and 1-7-16 emails from the Law Director to the Mayor, the Finance Director, the Planning and Development Director, the Mayor's assistant, the Block Club co-ordinator, and the consultant. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001434-001435 - 12-15-15 and 11-13-15 emails among a Thompson Hine attorney, the Law Director, the Mayor, the Council members, the consultant, the Finance Director, the Planning and Development Director, the Block Club coordinator, the Mayor's assistant, the legislative liaisons, and the Clerk of Council. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001441-001442 - 12-13-15 emails among the Law Director, a Council member, and a Thompson Hine attorney. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001443-001445 and 001446-001448 - 12-22-15 emails between the Law Director and a council member, and a 12-21-15 email from a Thompson Hine attorney to the

Council members, the Law Director, the consultant, the Mayor, and the Block Club coordinator. The court disallows the redaction of the two lines following "All," and before "Case: CV-15-855961." The court disallows this redaction as it is a "cover letter" and routine office matter, rather than the counsel of an attorney; additionally, it conveys information of public record. The court upholds the other redactions under the client-counsel privilege.

LKWD-PRR231 - 001449-001450 - 6-17-15 emails between a Council member and the Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001451-001452 - 3-31-16 emails among the Law Director, the Clerk of Council, the Lakewood Planning Specialist, the Assistant Law Director, and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001453-001454 - 5-26-15 email from the Law Director to the Council President and the Clerk of Council. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001455-001456 - 8-26-15 and 8-27-15 emails among the Law Director, the legislative liaison, and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001484-001486 - 9-3-15 email from the Law Director to a Council member and the Clerk of Council. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001489 - 8-16-15 emails among the Law Director, the Council President, and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231- 001517-001520 - 3-31-15 emails from the Law Director, to a Council member and Council President. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001521-001522 - 9-30-15 emails between the Law Director and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001523-001525 - 7-19-16 and 8-3-16 emails among the Law Director and two Council members. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001547 - 1-21-16 emails from the Law Director to the Mayor, the Council members, the Finance Director, the Clerk of Council, the legislative liaison, the Planning and Development Director, and the Block Club coordinator. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001548-001549 - 2-18-16 email from the Law Director to the Mayor, the Council members, the Fire Chief, the Chief of Police, the Mayor's assistants, the Finance Director, the Human Resource Director, the Planning and Development Director, the Public Works Director, the Program Manager, and the Information Systems Manager. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 - 001550 - 12-10-15 email from the Law Director to the Mayor, the council members, Thompson Hine attorneys, the Clerk of Council, the Finance Director, the Planning and Development Director, and the legislative liaisons. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001646 - 12-4-15 email from the Law Director to the Mayor, the Council members, the Finance Director, the Planning and Development Director, and Thompson Hine attorneys. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR231 - 001650 - 8-27-15 email from the Law Director to the Council members, Thompson Hine attorneys, the Clerk of Council and the legislative liaison. The Court upholds the redaction under the client-counsel privilege.

LKWD-PRR231 -001672-001679 - Summary of Master Agreement. The court upholds the redaction under the client-counsel and work product privileges.

LKWD-PRR232 - 000221-000224 - a certified public accountant's draft management letter to Lakewood. The court upholds the redaction under R.C. 4701.19(B), as the working papers and memoranda of a certified public accountant in the course of performing an audit of a public office.

LKWD-PRR232 - 000377-000378 - 4-14-15 questions prepared for Thompson Hine. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR232 - 000386 - 2-22-16 email from a Council member to the Mayor, the Law Director, and other Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR232 - 000512-000517 - 9-3-15 emails among the Law Director and Council members. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR232 - 000530-000535 and 000536-000540 - 3-15-16 and 3-16-16 emails among the Law Director, the Mayor, and Council members. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR232 - 000650-000651 - 8-27-15 email from the Law Director to the Council members, Thompson Hine attorneys, the Clerk of Council, and the legislative liaison. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR232 - 000662-000664 - Questions for Thompson Hine. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR232 - 000668-000670 - 3-31-15 Hospital negotiation point and questions for Thompson Hine. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR232 - 000676 - Questions for Thompson Hine.   The court upholds the redaction under the client-counsel privilege.

LKWD-PRR232 - 000679-000682, 000684-000687 and 000689-000692 - 3-31-15 Hospital Negotiation point, updated with 4-14-15 addendum and Questions for Thompson Hine.   The court upholds the redactions under the client-counsel privilege.

LKWD-PRR232 - 000694 - 8-3-16 emails among the Law Director and two Council members. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR234 - 00004 - 6-10-15 email from the legislative liaison to the Law Director, Council members, and the Mayor.    The court upholds the redaction under the client-counsel privilege.

LKWD-PRR235 - 000001-000007 - 7-21-15 email from a Council member to the Finance Director, the Law Director, and a Thompson Hine attorney.   The court upholds the redaction under the client-counsel privilege.

LKWD-PRR236 - 000001-000004 and 000006-000009 - 7-11-15 email from the Law Director to the Mayor, the Council members, the Mayor's assistant, the Planning and Development Director, the Finance Director, and Thompson Hine attorneys.   The court disallows the redactions and orders the redactions released, because they are mere cover letters.

LKWD-PRR238 - 000029-000037 and 000038-000045 - 7-21-15 email from a Council member to the Finance Director, the Law Director, and a Thompson Hine attorney.    The court upholds the redaction under the client-counsel privilege.

LKWD-PRR245 - 000001-000004 - 7-10-15 email from the Law Director to the Mayor, the Council members, the Mayor's assistant, the Planning and Development Director, the Finance Director, and Thompson Hine attorneys.   The court disallows the redaction and orders the redaction released, because it is a mere cover letter.

Draft Frequently Asked Questions - The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000051-000052 - 3-19-15 email from Council member to outside counsel. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000128 - 5-11-15 email from the Law Director to Thompson Hine attorneys. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000145 - 3-18-15 email from a Council member to the Law Director, the Mayor, and Council President. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000146-000164 - 7-2-1986 memorandum from outside counsel to Lakewood City Council. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000188-000190 - 4-23-15 email from the Chief Assistant Law Director to a Council member and the Law Director. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000221-000222 - 3-31-15 email from the Law Director to the Chief Assistant Law Director and 3-18-15 emails among the Law Director, the Mayor, the Council President, and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000369-000371 - 4-23-15 and 4-24-15 emails among a Council member, the Law Director, and a Thompson Hine attorney. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000376 - 4-28-15 email from the Law Director to Council members and a Thompson Hine attorney. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000377-000379 - Working draft of letter responding to a request for a taxpayers action.   The court upholds the redaction under the attorney work product exemption.

LKWD-PRR292 - 000407-000414 - 4-23-15, 4-24-15, and 4-27-15 emails among the Law Director and Thompson Hine attorneys.   The court upholds the redactions under the client-counsel and work-product privileges.

LKWD-PRR292 -000415-000417 - Listed as a working draft and completely redacted.   There appears to be no unredacted version of this record.   Because the court cannot make an in camera inspection, the court disallows the redaction and orders the records released.

LKWD-PRR292 - 000425 - 4-24-15 email from the Law Director to the Mayor, the Council President and a Council member.   The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000430 - 3-15-16 email from the Law Director to the Mayor and a Council member.   The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000436-000439 and 000440-000443 - 4-23-15 emails among the Law Director, a Council member, and the Chief Assistant Law Director.   The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000447-000451 - 4-24-15 email from the Law Director to a Council member and the Chief Assistant Law Director.   The Index indicates that these records were redacted for client-counsel privilege.   However, they were not submitted for an in camera inspection.   Thus, if the records have not already released, the court orders them released.

LKWD-PRR292 - 000477-000481 - 4-23-15 and 4-24-15 emails among the Law Director, a Council member, and the Chief Assistant Law Director.   The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000482-000487 - 4-23-15 emails among the Law Director, a Council member, and the Chief Assistant Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000488-000492 - 4-23-15 emails among the Law Director, a Council member, and the Chief Assistant Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000493 - 4-23-15 email from a Thompson Hine attorney to the Law Director and another Thompson Hine attorney. The court upholds the redaction under the client-counsel privilege.

LKWD-PRR292 - 000494-000496 - Working draft of letter to Ohio Ethics Commission. The court upholds the redaction under the client-counsel and work- product privileges.

LKWD-PRR292 - 000497-000500 - 4-23-15 emails among the Law Director, a Council member, and the Chief Assistant Law Director. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000501 - 4-23-15 email from the Law Director to Thompson Hine attorneys. The court disallows the redaction and orders its release, because it is a mere cover letter.

LKWD-PRR292 - 000526-000528 - 4-1-15 emails between the Law Director and the Chief Assistant Law Director. The court upholds the redactions under the client-counsel and work-product privileges.

LKWD-PRR292 - 000540-000546 - 3-18-15 emails among the Law Director, the Mayor, the Council President, and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000560-000561 - 5-1-15 and 4-29-15 emails from the Law Director to the Mayor, the Council members, and the Thompson Hine attorneys. The Court upholds the redaction of the 5-1-15 email under the client-counsel privilege, but disallows the two redactions of the 4-29-15 emails, because they are mere cover letters.

LKWD-PRR292 - 000573 - 3-15-15 emails among the Law Director, the Mayor and a Council member. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000574-000579 - 3-15-16, 3-16-16, and 3-17-16 emails among the Law Director, the Mayor, the Council members, the Clerk of Council, and the legislative liaisons. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000580-000585 - 3-15-16, and 3-16-16 emails among the Law Director, the Mayor, the Council members, the Clerk of Council, and the legislative liaisons. The court upholds the redactions under the client-counsel privilege.

LKWD-PRR292 - 000586-000588, 000593-000594, and 000595-000597 - 4-23-15 and 4-24-15 emails among the Law Director and Thompson Hine attorneys. The court upholds the redactions under the client-counsel and work-product privileges.

LKWD-PRR292 - 000598-000601 and 000602-000606 - 4-23-15, 4-24-15, and 4-27-15 emails among the Law Director and Thompson Hine attorneys. The court upholds the redactions under the client-counsel and work-product privileges.

LKWD-PRR292 - 000607-000609 - Working draft of letter responding to a request for a taxpayers action. The court upholds the redaction under the attorney work- product exemption.

LKWD-PRR292 - 000610-000612 - 4-23-15 and 4-24-15 emails among the Law Director and Thompson Hine attorneys. The court upholds the redactions under the client-counsel and work-product privileges.

LKWD-PRR292 - 000613-000615 - Working draft of letter to Ohio Ethics Commission. The court upholds the redaction under the client-counsel and work- product privileges.

LKWD-PRR292 - 000616-000620 - Working draft of letter to Ohio Ethics Commission. The court upholds the redaction under the client-counsel and work- product privileges.

LKWD-PRR292 - 000621-000622 - 4-23-15 and 4-24-15 emails among the Law Director and Thompson Hine attorneys. The court upholds the redactions under the client-counsel and work-product privileges.

LKWD-PRR292 - 000623-000626 - 4-23-15, 4-24-15, and 4-27-15 emails among the Law Director and Thompson Hine attorneys. The court upholds the redactions under the client-counsel and work-product privileges.

LKWD-PRR292 - 000660-000662 - Working draft of letter responding to a request for a taxpayers action. The court upholds the redaction under the attorney work- product exemption.

{¶40} Law Director's calendar - pg. 87 - The court upholds the redaction under the client-counsel privilege.

Law Director's calendar - pgs. 92-93 - The court upholds the redactions as a private matter/ unrelated to governmental functions.

Law Director's calendar - pg. 96 - The notation of "(Law Dept.)" indicates that this is related to the city of Lakewood, and it is not clear that it is covered by client-counsel privilege. Resolving doubts in favor of disclosure, the court disallows the redactions and orders it released.

Law Director's calendar - pg. 99 - The court upholds the redaction under the client-counsel privilege.

Law Director's calendar - pg. 101 - The court upholds the redaction as a private matter/unrelated to governmental functions.

Law Director's calendar - pg. 102 - The court upholds the redaction as unrelated to governmental functions and the client-counsel privilege.

Law Director's calendar - pg. 103 - The court upholds the redactions as private matters/ unrelated to governmental functions.

Law Director's calendar - pg. 105 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 107-108 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 109 - The court upholds the redaction as a private matter/unrelated to governmental functions and the client-counsel privilege.

Law Director's calendar - pg. 110 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 112 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 114 - The court upholds the redaction as private matter/unrelated to governmental function.

Law Director's calendar - pgs. 125-129 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 130 - The court upholds the redactions for June 20 and 23, 2012, as private matters/unrelated to governmental functions. The court upholds the redaction for June 21, 2012, under the client-counsel privilege.

Law Director's calendar - pg. 131 - The court upholds the redactions under the client-counsel privilege.

Law Director's calendar - pg. 132 - The court upholds the redaction as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 133 - The court upholds the redaction under the client-counsel privilege.

Law Director's calendar - pgs. 134-138 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 139 - The court upholds the redaction for 8-21-12, under the client-counsel privilege. The court upholds the redactions for 8-22 and 8-23-12 as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 140 - The court upholds the redactions for 8-29-12 and 8-30-12 as private matters/unrelated to governmental functions. The court upholds the 9-1-12 redactions under the client-counsel privilege.

Law Director's calendar - pg. 141 - The court disallows the redaction as waived, see pg. 200.

Law Director's calendar - pg. 142 - The court disallows the redaction as waived, because other SEHS functions were disclosed.

Law Director's calendar - pg. 144 - The court upholds the redaction for 9-27-12, as private matters/unrelated to governmental functions. The court upholds the 9-24-12 and 9-28-12 redactions under the client-counsel privilege.

Law Director's calendar - pg. 145 - The court upholds the redaction under the client-counsel privilege.

Law Director's calendar - pgs. 146-147 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 149-151 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 153-154 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 155 - The court upholds the redactions as private matters/unrelated to governmental functions, except the court disallows the redaction for 12-14-12 as waived, because an identical entry is disclosed for 3-7-13.

Law Director's calendar - pg. 156 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 158 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 160-161 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 165 - The court upholds the redactions of 2-20-13, and 2-21-13 as private matters/unrelated to governmental functions.   The court upholds the 2-22-13 redaction under the client-counsel privilege.    The court disallows the redaction for 2-24-13, as waived.

Law Director's calendar - pgs. 167-171 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 173-174 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 177 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 181 - The court upholds the redaction as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 184 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 187 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 189 - The court upholds the redaction for 8-6-13 under the client-counsel privilege and upholds the redactions for 8-8-13 as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 190 - The court upholds the redactions as private matters/unrelated to governmental functions, but disallows the 3:30 to 4:00 8-12-13 redaction as waived; see pg. 224.

Law Director's calendar - pg. 192 - The court upholds the redactions as private matters/unrelated to governmental functions, but disallows the redaction for 8-29-13, as waived; see pg. 200.

Law Director's calendar - pg. 193 - The court upholds the redaction as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 194 - The court upholds the redactions as private matters/unrelated to governmental functions.  The court also upholds the redaction for 9-12-13 under the client-counsel privilege.

Law Director's calendar - pg. 195 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 196 - The court upholds the 8-28-13 redaction as private matters/unrelated to governmental functions. The court disallows the 9-29-13 redaction as waived.

Law Director's calendar - pgs. 197-200 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 204 - The court upholds the 11-18-13 and 11-19-13 redactions as private matters/unrelated to governmental functions, but disallows the 1:30 11-19-13 redaction as waived, see pg. 224. The court upholds the 11-21-13 redaction under the client-counsel privilege.

Law Director's calendar - pg. 205 - The court upholds the redaction as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 206-208 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 211-214 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 216-217 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 218 - The court upholds the redactions as private matters/unrelated to governmental functions, but disallows the 10:00 2-27-14 redaction as waived; see pg. 221.

Law Director's calendar - pgs. 219-220 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 222-224 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 226 - The court upholds the redaction as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 229-230 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 232-234 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 235 - The court disallows the redaction for 3:30 - 4:00 for June 24, 2014, as waived; but upholds the other redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 236 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 238 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 239 - The court disallows the redaction for July 24, 2014, as waived; see pg. 238. The court upholds the other redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 240 - The court disallows the redaction for July 28, 2014, as waived; see pg. 238.

Law Director's calendar - pgs. 241-247 - The court upholds the redactions as private matters/unrelated to governmental functions

Law Director's calendar - pgs. 249-250 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 252-255 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 257 - The court upholds the redaction as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 260 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 262 - The court upholds the redaction as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 264-266 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 268-275 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 276 - The court upholds the 4-6-15, and 4-10-15 redactions as private matters/unrelated to governmental functions. The court disallows the 4-8-15 redaction as waived; see pg. 275.

Law Director's calendar - pgs. 277-278 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 280 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 282 - The court upholds the 5-18-15 and 5-23-15 redactions as private matters/unrelated to governmental functions. The court disallows the 5-21-15 redaction as waived, because it is no more explicit or specific as other public or litigation notations.

Law Director's calendar - pgs. 283-285 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 288 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 290 - The court upholds the redaction as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 293 - The court upholds the 8-5-15 and 8-7-15 redactions as private matters/unrelated to governmental functions. The court upholds the 8-6-15 redaction under the client-counsel privilege.

Law Director's calendar - pgs. 294-306 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 307 - The court upholds the 8:00 am 11-11-15 redaction under the client-counsel privilege. The court upholds the other redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 308-311 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 312 - The court upholds the 12-20-15 redaction under the client-counsel and trial preparation privileges. The court upholds the other redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 313 - The court upholds the 12-21-15 redaction under the client-counsel and trial preparation privileges. The court upholds the other redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 315 - The court disallows the 9:00 to 9:30 1-8-16 redaction on the grounds of waiver; the notation is similar to other disclosed notations on litigation; see pgs. 277,

278, 279, and 280. The court upholds the other redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 316 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 318 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 323 - The court upholds the 2-29-16 redaction under the client-counsel privilege and the 3-2-16 redaction as a private matter/unrelated to governmental functions.

Law Director's calendar - pg. 325 - The court upholds the redaction under the client-counsel and trial preparation privileges.

Law Director's calendar - pg. 326 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 328 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 330 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 332 - The court upholds the redaction under the client-counsel privilege.

Law Director's calendar - pg. 333 - The court disallows this redaction because it does not differ from other notations reminding of actions to be done in litigation.

Law Director's calendar - pg. 335 - The court upholds the 5-25-16 redaction as private matters/unrelated to governmental functions. The court disallows the 5-27-16 redaction as

waived, because it does not differ from the other notations reminding of actions to be done in a matter, see pg. 337.

Law Director's calendar - pg. 338 - The court upholds the 5:30 - 6:00 6-13-16 redaction under the client-counsel privilege. The court upholds the other redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pgs. 339-341 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 343 - The court disallows this redaction because it does not differ from other notations reminding of actions to be done in litigation.

Law Director's calendar - pg. 344 - The court disallows this redaction because it does not differ from other notations reminding of actions to be done in litigation.

Law Director's calendar - pgs. 346-347 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 349 - The court upholds the 8:00 - 9:00 8-29-16 and the 9-2-16 redactions as private matters/unrelated to governmental functions. The court upholds the 1:00 - 3:00 8-29-16 redaction under the client-counsel and trial preparation privileges.

Law Director's calendar - pg. 350 - The court upholds the redaction under the client-counsel and trial preparation privileges.

Law Director's calendar - pg. 351 - The court disallows the redaction as waived because it does not differ from other notations reminding of actions to be done in litigation.

Law Director's calendar - pg. 354 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 356 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 357 - The court upholds the 10-26-16 redactions as a private matter/unrelated to governmental functions.   The court upholds the 10-24-16 redaction under the client-counsel privilege.

Law Director's calendar - pg. 358 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 359 - The court upholds the redactions under the client-counsel privilege.

Law Director's calendar - pg. 360 - The court disallows the 11-17-16 redactions as waived because it does not differ from other notations reminding of actions to be done in litigation.   The court upholds the 11-19-16 redactions as a private matter/unrelated to governmental functions. The court disallows the 11-14-16 redaction because the court cannot rule out the possibility that it relates to a governmental function.

Law Director's calendar - pg. 363 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 358 - The court upholds the 9:00 - 10:00 12-12-16 and 12-14-16 redactions as private matters/unrelated to governmental functions.   The court upholds the 10:30-1:30 12-12-16 redaction under the client-counsel privilege.

Law Director's calendar - pg. 365 - The court upholds the redaction as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 369 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 372 - The court upholds the redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 373 - The court disallows the redaction for 2-14-17, as waived because it does not differ from other notations reminding of actions to be taken in litigation. The court upholds the other redactions as private matters/unrelated to governmental functions.

Law Director's calendar - pg. 373 - The court upholds the redactions as private matters/unrelated to governmental functions.

{¶41} The in camera inspection of the Finance Director's calendar was problematic. The initial redacted copy of the Finance Director's calendar had all dates, date ranges, times and appointment headings removed. The court ordered Lakewood to resubmit a redacted copy and an unredacted copy of the Finance Director's calendar for an in camera inspection. These records were at least comprehensible, but there were still many anomalies. There were approximately 290 unredacted notations that were on the redacted calendar that were not on the unredacted calendar. These notations were generally for lunchtime lift, team lean meeting, and Finance Department monthly lunch.

{¶42} There were approximately 500 notations of redacted material that were not on the unredacted copy of the calendar. In her affidavit, the Finance Director explained that many of the redactions were made to shield the private information of people's birthdays. "During the course of the past year, however, I have removed some birthdays from my Outlook calendar. As a result, I no longer have an original copy of the unredacted version of the electronic calender that I sent to Lakewood's Law Director in response to Relator's request. Additionally, any redactions on my electronic calendar previously to Relator [sic] that were not birthdays involved personal and family appointments." (Paragraph 5 of the Finance Director's affidavit.)

{¶43}    The court accepts the explanation for the deletion of the private birthday notations. These notations appear on the same day over the course of 2013 - 2016, and in the same format. To the extent that notations of a private appointment appear on the redacted calendar, but not on the unredacted calendar and they do not appear to be birthday notations, the court has no doubt that they are authentic redactions of private appointments. The repeated additions of family and personal appointments on the calendar and the location of many of them on weekends, relieves this court of any doubt as to their nature.

{¶44}    Finance Director's calendar - pgs. 2-23 - The court upholds the redactions, including the "private appointment locks" as private matters/unrelated to governmental functions. Finance Director's calendar - pg. 24 - The court disallows the first redactions for 6-14-13, 6-15-13, and 6-16-13. The fact of an employee's vacation is a matter of public record. The court upholds the other redactions, including the "private appointment locks" as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 25 - The court disallows the redactions on this page. The fact of an employee's vacation is a matter of public record.

Finance Director's calendar - pgs. 26-64 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 65 - The court disallows the first redactions for 3-24-14 through 3-28-14. The fact of an employee's vacation is a matter of public record. The court upholds the other redactions, including the "private appointment locks," on this page as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 66 - The court disallows the redaction for 3-31-14.    The fact of an employee's vacation is a matter of public record.    The court upholds the other redactions as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 67-70 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 71 - The court disallows the first redactions for 5-6-14, through 5-9-14, as it appears to be a vacation variant.    The court upholds the other redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 72-77 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg 78 - The court disallows the "red box" private appointment redaction for 6-27-14, because it appears to be a vacation variant. The court upholds the other redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg 79 - The court disallows the "red box" redactions for 6-30-14, 7-1-14, 7-2-14, and 7-3-14, because they appear to be a vacation variant.    The court upholds the other redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 80-103 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 104 - The court disallows the first "white box" redaction for 12-22-14, the first "white box" redaction and the "red box" redaction for 12-23-14, the two redactions for 12-15-14 and 12-24-14, and the first two redactions (the first "white box " and the

first "red box") redactions for 12-26-14; notations of vacation are matters of public record. The court upholds the other redactions as private matter/unrelated to governmental functions.

Finance Director's calendar - pg. 105 - The court disallows the first "white box" and the "red box" (the first two entries) for 12-29-14, the first redaction for 12-30-14, and the redactions for 12-31-14 and 1-2-14; notations of vacations are public records. The court upholds the other redactions as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 106-109 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 110 - The court disallows the 3:00 to 3:30 on 2-3-15 redaction because it relates to a governmental function. The court disallows the 2-6-15 redaction as a vacation variant. The court upholds the other redactions as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 111-118 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 119 - The court disallows the "red box" redactions for 4-6-15, 4-7-15, 4-8-15, and 4-9-15 as vacation variants. The court upholds the other redactions as private matters/unrelated to governmental function.

Finance Director's calendar - pgs. 120-126 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 127 - The court disallows the "red box" 6-3-15, 6-4-15 and 6-5-15 redactions as vacation variants. The court upholds the other redactions as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 128-154 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 156 - The court disallows the first "red box" redactions for 12-23-15, 12-24-15, and 12-25-15; notations of vacations are public records. The court upholds the other redactions as private matter/unrelated to governmental functions.

Finance Director's calendar - pg. 157 - The court disallows the first "red box" redactions for 12-29-15, 12-30-15, and 12-31-15; notations of vacations are matters of public records. The court upholds the other redactions as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 158 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 159 - The court disallows the redaction for 1-15-15 as a vacation variant. The court upholds the other redactions as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 160-162 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 163 - The court orders the disclosure of the following notation for 2-10-15: "2:30pm -4:30pm Standing meeting: sewer projects (Conference Room-Mayor) - Butler, Kevin." This notation appears on the unredacted calendar, but not on the disclosed redacted calendar. The court upholds the other redactions as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 165-174 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

Finance Director's calendar - pg. 175 - The court disallows the first "red box" redactions for 5-4-15, 5-5-15, and 5-6-15; notations of vacation are public records. The court allows the other redactions as private matters/unrelated to governmental functions.

Finance Director's calendar - pgs. 176-180 - The court upholds the redactions, including the "private appointment locks," as private matters/unrelated to governmental functions.

{¶45} Accordingly, the court issues the writ of mandamus to compel the disclosure of the disallowed redactions pursuant to the in camera inspection; the court declines to issue the writ of mandamus as to any other records or issues in this matter. Respondent to pays costs. The relator is granted leave to file an appropriate motion pursuant to R.C. 149.43(C) within two weeks of this journal entry. Respondent has two weeks from the filing of that motion in which to file a response. This court rules that there is no just reason for delay pursuant to Civil Rule 54(B). This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶46} Writ granted in part and denied in part.

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, A.J., and
LARRY A. JONES, SR., P.J., CONCUR